IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FENWICK AUTOMOTIVE PRODUCTS, LIMITED, ET AL.<br><br>Debtors.[1] | Chapter 7<br>Case No. 13-11500-BLS<br><br>Re: D.I. 245 |



## ~~[PROPOSED]~~ ORDER REGARDING DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY

This matter having come before the Court on the *Stipulation Between Federal Insurance Company and the Chapter 7 Trustee Regarding Directors and Officers Liability Insurance Policy Notwithstanding 11 U.S.C. § 362* ("Stipulation")[2] entered into by Federal Insurance Company ("Federal Insurance") and George L. Miller in his capacity as Chapter 7 Trustee (the "Trustee") of the above captioned Debtors; and the Court having found that (a) the Court has jurisdiction to consider the Stipulation and the relief requested therein, (b) notice of the Stipulation was sufficient, and (c) the relief set forth therein is in the best interests of the Debtors, creditors and all parties in interest;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. To the extent that the automatic stay of 11 U.S.C. § 362 may be deemed to apply, the stay is modified to allow Federal Insurance to pay and/or advance Defense Costs and pay Loss as defined in the Federal Policy to or for the benefit of the Insured pursuant to the terms of

---

[1] The Debtors are *Fenwick Automotive Products Limited*, Case No. 13-11500; *Introcan, Inc.*, Case No. 13-11499; *Flo-Pro Inc.*, Case No. 13-11501; *LH Distribution Inc.*, Case No. 13-11502; *Rafko Logistics Inc.*, Case No. 13-11504; *Rafko Holdings Inc.*, Case No. 13-11505; *Rafko Enterprises Inc.*; Case No. 13-11507.

[2] Capitalized terms not defined herein shall have the same meaning as in the Stipulation and Executive Liability and Entity Securities Liability Policy, designated as policy number 8223-5183 for the policy period April 15, 2013 to April 15, 2015 (the "Federal Policy") issued by Federal Insurance.

the Federal Policy in connection with the D&O Matters, subject to the terms and conditions of the Federal Policy and Federal Insurance's reservation of rights.

3.  Federal Insurance shall provide or shall cause counsel for the Insured to provide to counsel for the Trustee a written notice (the "Policy Depletion Notice") within fifteen (15) days following the first day of each calendar month (commencing with the date of entry of the Order accompanying this Stipulation) setting forth the total amount of Loss (including Defense Costs) paid by Federal Insurance under the Policy to date. In addition, the Policy Depletion Notice shall also identify the D&O Matter(s) for which each payment of Loss (including Defense Costs) was made by Federal Insurance, e.g., "Trustee/M&T" for these Related Matters, or "Rodrigues" for this separate Matter, etc.

4.  Nothing in this Order shall modify or alter the terms and conditions of the Federal Policy or the parties' contractual rights and obligations thereunder.

5.  Nothing in this Order shall prejudice the ability of Federal Insurance or the Insured or the Trustee to contest whether or not the Federal Policy or the proceeds of the Federal Policy are property of the Debtors' estates, and rights with respect to this issue are fully reserved by Federal Insurance, the Insured and the Trustee. Nothing in this Order shall be deemed to represent an adjudication of (or to have res judicata or precedential value concerning) the question whether the Federal Policy or the proceeds of the Federal Policy are property of the Debtors' estates subject to 11 U.S.C. § 362(a).

6. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: July 27, 2015

_____
The Honorable Brendan L. Shannon
Chief U.S. Bankruptcy Judge